Kasey L. Wright, Bar No. 9169
Matthew R. Crane, Bar No. 12480
HANSEN WRIGHT EDDY & HAWS, P.C.
Attorneys for Provo Postal Credit Union
233 S. Pleasant Grove Blvd., Suite 202
Pleasant Grove, Utah 84062
Telephone: (801) 224-2273
Facsimile: (801) 224-2457
e-mail: kwright@centralutahlaw.com
         mcrane@centralutahlaw.com

|  | IN THE UNITED STATES BANKRUPTCY COURT<br>CENTRAL DIVISION, DISTRICT OF UTAH<br>350 South Main Street, Salt Lake City, Utah 84101 |
|---|---|
| IN RE:<br><br>EDWIN LEE STEWARD and<br>VALERIE STEWARD,<br><br>Debtors. | Case No.  14-28412<br><br>Chapter 7<br><br>Adversary Proceeding No. _____<br><br>Judge William T. Thurman |
| **COMPLAINT OBJECTING TO DISCHARGE OF DEBTORS' DEBTS** | |

Provo Postal Credit Union ("Plaintiff"), by and through its counsel, Kasey L. Wright and Matthew R. Crane of the firm Hansen Wright Eddy & Haws, P.C., hereby files this Complaint Objecting to Discharge of Debtors' Debts pursuant to 11 U.S.C. §§ 523 and 727 and Bankruptcy Rules 4004(d) and 7001(4) of the Federal Rules of Bankruptcy Procedure. In support of this Complaint, Plaintiff will state facts supporting the allegations that Debtors Edwin Lee Steward and Valerie Steward ("Defendants") have obtained financing for a secured transaction under false

pretenses, concealed and mutilated collateral, allowed others to conceal collateral, made false accounts in connection with their bankruptcy petition, and failed to explain satisfactorily the loss of assets. The Defendants' actions mandate dismissal of their bankruptcy petition without discharge, or, alternatively, that their debts to Plaintiff be deemed nondischargeable.

## JURISDICTION

This is an adversary proceeding in the case of In re: Edwin Lee Steward and Valerie Steward, Debtors, Bankruptcy No. 14-28412, under Chapter 7 of Title 11 of the United States Bankruptcy Code, now pending in this Court. This Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1334 and venue is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(j).

## PARTIES

1. Plaintiff Provo Postal Credit Union is a credit union doing business in the State of Utah with its principal place of business in Provo, Utah.

2. Defendant Edwin Lee Steward is an individual who at all times relevant herein has resided in Spanish Fork, Utah County, State of Utah.

3. Defendant Valerie Steward is an individual who at all times relevant herein has resided in Spanish Fork, Utah County, State of Utah.

## GENERAL AVERMENTS

4. On or about August 12, 2014, Defendants filed the voluntary petition for bankruptcy that is now before the Court.

5. Prior to Defendants' bankruptcy petition, Defendants obtained a loan from Plaintiff, which was secured by a 2006 Ford F350 truck ("Truck").

6. In Schedule B—Personal Property, filed by Defendants on August 21, 2014, the Defendants assert the Truck's value as $9,879.00.

7. Prior to Defendants' bankruptcy petition, Defendants obtained a loan from Plaintiff, which was secured by a 2007 Chrysler 300C vehicle ("Car").

8. In Schedule B—Personal Property, filed by Defendants on August 21, 2014, the Defendants assert the Car's value as $7,700.00.

9. On September 15, 2014, Defendants and Counsel for Plaintiff, among others, attended the meeting of creditors mandated by 11 U.S.C. 341(a).

10. At the September 15, 2014, meeting of creditors, Defendant Edwin Lee Steward stated that the 2006 Ford F350 Truck and 2007 Chrysler 300C Car were in good condition.

11. At the September 15, 2014, meeting of creditors, Defendant Edwin Lee Steward indicated his intention to reaffirm the Truck loan.

12. Shortly after the September 15, 2014, meeting of creditors, the Defendants indicated their intention of surrendering the Truck to Plaintiff, but stated the tires and rims had been repossessed.

13. The Truck's tires and rims were subsequently returned to the Truck, and Plaintiff initiated abandonment proceedings.

14. The Truck, if in "good condition," would be worth significantly more than $9,879.00.

15. When Plaintiff gained possession of the Truck, it was not in good condition. Rather, the Truck had been significantly damaged while in the Defendants' possession.

16. Defendant Edwin Lee Steward has stated the Debtors had no intention of reaffirming the loan associated with the Car, and has further stated that he did not know the current location of the Car.

17. Defendants have claimed that Defendant Edwin Lee Stewards parent(s) took the Car without permission.

18. Defendants filed a police report regarding the taking of the Car many months after it was allegedly taken, but the police were unable to do anything because it appeared to them that the parents took the Car pursuant to a contract to exchange the Car for a Corvette.

19. Plaintiff has been unable to locate either the Car or the Corvette for which it may have been exchanged.

**FIRST CLAIM FOR RELIEF**
(For a Determination that Defendants' Debts Are Not Dischargeable Pursuant to
11 U.S.C. § 727(a)(2))

20. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 19 above as though set forth fully herein.

21. Defendants concealed the Truck in their backyard either within one year before the date of filing their bankruptcy petition or afterward.

22. Defendants mutilated the Truck either within one year before the date of filing their bankruptcy petition or afterward by stripping or damaging many valuable and functioning parts that were there and apparently functioning when Plaintiff made the loan and even prior to

filing bankruptcy. Stripping and damage that occurred include cutting stereo wires and cruise control wires and pulling out the stereo, center console, and catalytic converter, among other things. The stripping and damage has caused the value of the Truck to plummet.

23. The 2006 Ford F350, which has been recovered by Plaintiff through the bankruptcy abandonment process is now valued at $11,000 (as per a standing offer from a potential buyer) or less (as per a $7,500 estimate from a dealership).

24. Defendants have concealed or have permitted another to conceal the Car either one year before the date of filing their bankruptcy petition or afterward.

25. Plaintiff avers that based upon the foregoing facts and others that will be developed in the course of discovery, the debtors' actions are in contravention of the provisions of 11 U.S.C. § 727(a)(2) and, therefore, constitute grounds to deny the debtors' discharge.

**SECOND CLAIM FOR RELIEF**
(For a Determination that Defendants' Debts Are Not Dischargeable Pursuant to
11 U.S.C. § 727(a)(4))

26. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 25 above as though set forth fully herein.

27. Defendants have provided false accountings/schedules that misrepresent the value of property in the bankruptcy estate or do not include property that should have been included. Specifically, the value of the Truck was misrepresented and the ownership of the Corvette was not admitted.

28. Plaintiff avers that based upon the foregoing facts and others that will be developed in the course of discovery, the debtors' actions are in contravention of the provisions of 11 U.S.C. § 727(a)(4) and, therefore, constitute grounds to deny the debtors' discharge.

### THIRD CLAIM FOR RELIEF
(For a Determination that Defendants' Debts Are Not Dischargeable Pursuant to 11 U.S.C. § 727(a)(5))

29. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 28 above as though set forth fully herein.

30. The Car appears to no longer be in the Defendants' possession, and Defendants have failed to explain satisfactorily its loss.

31. Plaintiff avers that based upon the foregoing facts and others that will be developed in the course of discovery, the debtors' actions are in contravention of the provisions of 11 U.S.C. § 727(a)(5) and, therefore, constitute grounds to deny the debtors' discharge.

### FOURTH CLAIM FOR RELIEF
(For a Determination that Defendants' Debt Secured by the 2007 Chrysler 300C Is Not Dischargeable Pursuant to 11 U.S.C. § 523(a)(2))

32. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 31 above as though set forth fully herein.

33. Defendants obtained financing for the Car by the false statement that they intended to personally use the car when, in fact, they were buying the car on behalf of another person.

34. Plaintiff avers that based upon the foregoing facts and others that will be developed in the course of discovery, the debtors' actions are in contravention of the provisions

of 11 U.S.C. § 523(a)(2) and, therefore, constitute grounds to deny the debtors a discharge of their debt owed to Provo Postal Credit Union and secured by the 2007 Chrysler 300C.

WHEREFORE, Plaintiff requests that this Court

1. Upon a hearing of this matter, deny the discharge of the debtors or, in the alternative, deny a discharge of the debtors with regard to obligations to Provo Postal Credit Union secured by the 2007 Chrysler 300C; and

2. Grant such other relief as is just and proper, including an award of attorney fees.

DATE: November 14, 2014

HANSEN WRIGHT EDDY & HAWS, P.C.

/s/Matthew R. Crane
_____
Kasey L. Wright
Matthew R. Crane
Attorneys for Plaintiff